# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-37 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| BARRY RENE ISAACS, | : | |
| Defendant. | : | |

---

## ORDER DENYING MOTION FOR RECONSIDERATION OF BOND AND SUPPLEMENTS (DOCS. 21, 23, 26, 27)

---

This case is before the Court on Defendant Barry Rene Isaacs' motion for reconsideration of bond and supplements (Docs. 21, 23, 26, 27). The Government has filed a response in opposition. (Doc. 28.) Isaacs was indicted by the grand jury of the Southern District of Ohio in April 2019. He was arrested in Houston, Texas, over nine months later. (Doc. 20.) A magistrate judge of the Southern District of Texas held a detention hearing and ordered him detained pending trial. (Doc. 16 at 24.) Isaacs has asked this Court to reconsider bond. (Doc. 21.)

### FACTS

On April 10, 2019, the Grand Jury charged Isaacs with five counts of employment tax violations in violation of 26 U.S.C. § 7202, one count of obstruction of justice in violation of 18 U.S.C. §§ 1503 and 2, two counts of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B), and one count of aggravated identity theft

in violation of 18 U.S.C. § 1028A. (Doc. 1.) Months later in July 2019, his co-defendant and ex-wife, Teela Gilbert, who faces one count of obstruction of justice, was arrested and eventually granted pretrial release. (*See* Doc. 12.) Several more months after that, on January 30, 2020, Isaacs was arrested. He had been found in Houston, Texas, with Gilbert. (Doc. 28-1 at 20-21.)

Isaacs' detention hearing took place in Houston on February 3, 2020. (*See* Doc. 16.) Magistrate Judge Christina A. Bryan presided. (Doc. 28-1 at 1.) The Government had moved for Isaacs' detention arguing that he was a flight risk and a continuing economic threat to society. (*Id.* at 24, 28.) The Government called as a witness Special Agent Malik Anthony of the Criminal Investigation Unit of the Internal Revenue Service. (*Id.* at 7.) He was assigned to Cincinnati and was familiar with the investigation involving Isaacs. (*Id.* at 8.)

Special Agent Anthony testified that, based on his investigation, Isaacs did not have a residence in Ohio. (*Id.* at 14.) He had investigated the address Isaacs had provided to pretrial services, but found it to be abandoned. (*Id.* at 14-15.) Special Agent Anthony also testified to the details underlying the charges of false representation of a social security number and aggravated identity theft. He testified that Isaacs had financed vehicles and registered credit cards under a social security number that did not belong to him. (*Id.* at 15.) The social security number belonged to a minor. (*Id.* at 15, 27.) As for the length of a possible prison sentence Isaacs was facing, Special Agent Anthony testified that Isaacs faced roughly 33 to 41 months for the employment tax charges and an additional 24 months for the aggravated identity theft. (*Id.* at 17.)

2

Special Agent Anthony also testified about the numerous false names Isaacs had given law enforcement. In May 2017, Isaacs was arrested and charged for possession of drugs in Montgomery County, Ohio; he identified himself as Eugene Smith. A Failure to Appear was later filed in relation to that charge. (*Id.* at 19.) In December 2018, he was arrested and charged with obstruction of justice in Columbiana County, Ohio; again, he identified himself as Eugene Smith. (*Id.* at 19-20.) When he was arrested in Houston in February 2020, he told the deputies his name was Joseph Fie. (*Id.*) And, when the U.S. Marshalls in Houston spoke with the management for the hotel where Isaacs was staying, they learned that he was staying in the hotel under the name Anthony Johnson. (*Id.*) Law enforcement had asked Isaacs for identification. He said he had none. Isaacs eventually admitted his real name, but only after a Deputy Marshall asked him, "Have you ever been known as Barry Isaacs?" Isaacs admitted that that was his birth name. (*Id.* at 22.)

Judge Bryan found that the Government had demonstrated by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Isaacs' appearance in the Southern District of Ohio. Bases for that finding included Isaacs' two prior failures to appear for misdemeanor cases in Ohio, Isaacs' use of false identification belonging to a minor, and the fact that he had made no attempt to turn himself in despite the arrest of his ex-wife and co-defendant. "He has, in fact, left the State of Ohio, has been staying in Houston under a name at a hotel which is not his name, which indicates an attempt to evade law enforcement." (*Id.* at 32.)

Thus, Judge Bryan ordered Isaacs detained pending trial. (Doc. 16 at 24.) Isaacs was ordered to be transported to the Southern District of Ohio. (*Id.* at 21.) He has asked

3

the Court to reconsider bond. (Docs. 21, 23, 26, 27.)

**ANALYSIS**

Isaacs now argues that he is not a threat to himself or others. (Doc. 21.) He says he is a non-violent citizen who has been charged with economic crimes. (Doc. 23.) Several members of his family and community have written letters in support of his release on bond. (*See* Docs. 21, 23, 26, 27.) He also refers to the recent advent of the novel coronavirus and the resulting outbreak of COVID-19. (Doc. 23.)

The Government opposes reconsideration of bond. It argues that Isaacs still represents a significant flight risk, based particularly on his relocation to another jurisdiction and ability to live undetected without ascertainable income. It also argues that the "safety of the community" language in § 3142 is given broad construction and is therefore not limited to the danger of harm from physical violence. (Doc. 28 at 4-5.) Accordingly, the Government argues it is relevant to consider the need to protect the community from economic harm and vulnerable victims from exploitation.

The factors a court must consider in determining whether release or continued detention is appropriate are set forth in 18 U.S.C. § 3142(g). They include the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, the weight of the evidence against the defendant, the history and characteristics of the defendant and the nature, and seriousness of the danger to any person or the community that would be posed if the defendant is released.

Balance of the § 3142(g) factors supports Isaacs' continued detention. First, the nature and circumstances of the charged offenses involve at least one minor child. Special

Agent Anthony testified that the social security and aggravated identity theft counts involve the use of a minor's social security number and identity. (Doc. 28-1 at 15-16.) Second, this case is still at an early stage, so the Court cannot fully factor in the weight of the evidence, but the level of detail in Special Agent Anthony's testimony signals a corresponding level of detail in the evidence the Government is prepared to use. Third, the history and characteristics of Isaacs, perhaps most notably, demonstrate a continuing and significant flight risk.

The Court appreciates the letters of support submitted on Isaacs' behalf and has considered the same. Although his supporters' letters testify to his commitment and value to the community, the portrait they paint is at odds with Isaacs' own behavior. Whatever his commitment to his community, the fact remains that he was found in Texas under a false name, staying with the co-defendant who was on pretrial release. It is difficult to reconcile the letters' depiction of Isaacs as devoted to his community—presumably in an attempt to mitigate his flight risk—with his own history of using false names, failing to appear, and being found months after his indictment was unsealed, staying in a Texas hotel under an alias with the co-defendant. (Doc. 28-1 at 32.) Special Agent Anthony's testimony drives this point home. The pattern of Isaacs' use of false names like Eugene Smith, Joseph Fie, and Anthony Johnson, all support the finding that Isaacs is a continuing flight risk. (*Id*. at 19-21.)

Further, the Government is correct that the "danger to any person or the community" language is not limited to the danger of physical violence. *See United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) ("A danger to the community does

not only include physical harm or violent behavior."). *See also* S. Rep. 98-225, 12, 1984 U.S.C.C.A.N. 3182, 3195 ("The Committee intends that the concern about safety be given a broader construction than merely a danger of harm involving physical violence."). The economic harm of the charged offenses involves an alleged $360,000 loss to the government and the unpermitted use of a minor's identity and social security number. (Doc. 28-1 at 8, 16.) And, the obstruction charge threatens the integrity of these judicial proceedings. These charges, "even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger . . . ." *United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979). In consideration of the § 3142(g) factors, therefore, Isaacs fails to demonstrate any entitlement to pretrial release.

Also relevant now is the fact that Isaacs has not articulated a "compelling reason" for temporary release under § 3142(i). Here, Isaacs bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020). As this Court has recently noted, it is mindful of, and sensitive to, the "unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents." *Id.* (quoting *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)). But a defendant is not entitled to temporary release under § 3142(i) "based solely on generalized COVID-19 fears and speculation." *Id.* The Court makes an individualized determination on the question of whether COVID-19 concerns in a particular case warrant temporary release under § 3142.

In this Motion all Isaacs has said about COVID-19 is that "substantial changes have

occurred within the nation with respect to Coronavirus epidemic. Both State and Federal authorities have advised all citizens to limit their interactions and group meetings." (Doc. 23.) He makes no specific argument as to how COVID-19 might be affecting him. *See Smoot*, 2020 WL 1501810, at *2 (analyzing the specificity of the defendant's stated COVID-19 concerns). Isaacs' perfunctory reference to the coronavirus does not alert the Court of any particular concern he has about it. Further, he does not claim that there is an outbreak where he is being held, or that he is at increased risk, or that any other factors apply that could be significant to the Court's decision. Here, even if he had claimed these things, the outbreak of COVID-19 has no impact on the findings that Isaacs is a flight risk and a danger to the community. For these reasons, he has presented no reason, let alone a compelling reason, for the Court to permit his temporary release.

## CONCLUSION

Accordingly, upon due consideration of the motion and memorandum in opposition in conjunction with the factors enumerated in U.S.C. § 3142, Isaacs's motion for reconsideration of bond is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ___*/s/ Matthew W. McFarland*___
JUDGE MATTHEW W. McFARLAND