IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-37 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| BARRY RENE ISAACS, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING SECOND MOTION FOR BOND (DOC. 30)**

This case is before the Court on Defendant Barry Rene Isaacs' second motion for bond (Doc. 30). The Government is opposed. (Doc. 31.) Mr. Isaacs has already asked this Court to reconsider bond. (Doc. 21.) The Court denied reconsideration of bond, based on the Court's findings that he poses risks of flight and harm. (Doc. 29.) Now Mr. Isaacs has filed a second motion for bond. (Doc. 30.)

**FACTS**

The facts have not changed since the Court's prior order denying reconsideration of bond (Doc. 29), but for convenience they are restated here:

On April 10, 2019, the Grand Jury charged Mr. Isaacs with five counts of employment tax violations in violation of 26 U.S.C. § 7202, one count of obstruction of justice in violation of 18 U.S.C. §§ 1503 and 2, two counts of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (Doc. 1.) Months later in July 2019, his co-defendant and ex-wife, Teela Gilbert, who faces one count of obstruction of justice, was arrested and eventually granted pretrial release. (*See* Doc. 12.) Several more months after that, on January 30, 2020, Mr. Isaacs was arrested. He

had been found in Houston, Texas, with Gilbert. (Doc. 28-1 at 20-21.)

Mr. Isaacs' detention hearing took place in Houston on February 3, 2020. (*See* Doc. 16.) Magistrate Judge Christina A. Bryan presided. (Doc. 28-1 at 1.) The Government had moved for Mr. Isaacs' detention arguing that he was a flight risk and a continuing economic threat to society. (*Id.* at 24, 28.) The Government called as a witness Special Agent Malik Anthony of the Criminal Investigation Unit of the Internal Revenue Service. (*Id.* at 7.) He was assigned to Cincinnati and was familiar with the investigation involving Mr. Isaacs. (*Id.* at 8.)

Special Agent Anthony testified that, based on his investigation, Mr. Isaacs did not have a residence in Ohio. (*Id.* at 14.) He had investigated the address Mr. Isaacs had provided to pretrial services, but found it to be abandoned. (*Id.* at 14-15.) Special Agent Anthony also testified to the details underlying the charges of false representation of a social security number and aggravated identity theft. He testified that Mr. Isaacs had financed vehicles and registered credit cards under a social security number that did not belong to him. (*Id.* at 15.) The social security number belonged to a minor. (*Id.* at 15, 27.) As for the length of a possible prison sentence Mr. Isaacs was facing, Special Agent Anthony testified that Mr. Isaacs faced roughly 33 to 41 months for the employment tax charges and an additional 24 months for the aggravated identity theft. (*Id.* at 17.)

Special Agent Anthony also testified about the numerous false names Mr. Isaacs had given law enforcement. In May 2017, Mr. Isaacs was arrested and charged for possession of drugs in Montgomery County, Ohio; he identified himself as Eugene Smith. A Failure to Appear was later filed in relation to that charge. (*Id.* at 19.) In December 2018, he was arrested and charged with obstruction of justice in Columbiana County, Ohio; again, he identified himself as Eugene Smith. (*Id.* at 19-20.) When he was arrested in Houston in February 2020, he told the deputies his name was Joseph Fie. (*Id.*) And, when the U.S. Marshalls in Houston spoke with the management for the hotel where Mr. Isaacs was staying, they learned that he was staying in the hotel under the name Anthony Johnson. (*Id.*) Law enforcement had asked Mr. Isaacs for identification. He said he had none. Mr. Isaacs eventually admitted his real name, but only after a Deputy Marshall asked him, "Have you ever been known as Barry Isaacs?" Mr. Isaacs admitted that that was his birth name. (*Id.* at 22.)

Judge Bryan found that the Government had demonstrated by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Mr. Isaacs' appearance in the Southern

District of Ohio. Bases for that finding included Mr. Isaacs' two prior failures to appear for misdemeanor cases in Ohio, Mr. Isaacs' use of false identification belonging to a minor, and the fact that he had made no attempt to turn himself in despite the arrest of his ex-wife and co-defendant. "He has, in fact, left the State of Ohio, has been staying in Houston under a name at a hotel which is not his name, which indicates an attempt to evade law enforcement." (*Id.* at 32.)

Thus, Judge Bryan ordered Mr. Isaacs detained pending trial.

*United States v. Isaacs*, No. 1:19-CR-37, 2020 WL 1695155, at *1-2 (S.D. Ohio Apr. 7, 2020).

## ANALYSIS

### A. Parties' Arguments

Mr. Isaacs states that he "potentially" has access to business and operation records of Hope 4 Change, the corporation which he is alleged to have founded, owned, and run, and which is alleged to have withheld taxes. (Doc. 30; *see* Doc. 1 at ¶¶ 2, 6-12.) He represents that these records "are located in various places which can be accessed through Defendant Isaacs [sic] personal computer." (Doc. 30). The "various places" include the storage on his personal computer, but are primarily emails and documents attached to emails. According to Mr. Isaacs, the meeting rooms of the jail facility lack internet access; but even if there was internet access, "it would take the knowledge and understanding of the Defendant Isaacs to review these emails and documents to determine which documents would be relevant." (*Id.*) And, without those documents, Mr. Isaacs claims he will not be able to present an adequate defense.

The Government takes an opposing view, arguing that none of the bases Mr. Isaacs offers for his release meets the statutory threshold for reopening a detention hearing under § 3142(f). The fact that Mr. Isaacs had certain files on his computer and in his email,

3

the Government maintains, "was certainly well within [Mr. Isaacs'] knowledge during the first detention proceeding." (Doc. 31 at 2.) The Government further argues that Mr. Isaacs' purported difficulties in gathering records have no material bearing on the legal considerations that went into the detention decision. He does not demonstrate that his lack of access to his personal computer or internet access "have any relationship to assuring his appearance for trial or the safety of the community." (*Id.* at 3.) Finally, the Government contends that Mr. Isaacs' pretrial release is not necessary for the preparation of his defense or for another compelling reason under § 3142(i).

In reply, Mr. Isaacs raises a host of new issues, including the suggestion that his status as an African American male had something to do with the denial of bond. He also raises for the first time the claims that the Special Agent's testimony was inaccurate and that the Government did not provide evidence that Mr. Isaacs knew of his pending indictment. Finally, he reiterates his point about the difficulties of preparing for trial. (Doc. 33.) These arguments invited a surreply from the Government (Doc. 34), which the Court has considered.

**B. Analysis**

As an initial point, the arguments in Mr. Isaacs' reply brief have other problems besides being raised for the first time on reply. *See United States v. Rhodes*, 108 F.3d 1378 (6th Cir. 1997) (district court did not err in declining to address arguments raised for the first time in a reply brief). The only characteristics of Mr. Isaacs the Court considered in denying bond the first time were his discovery in Texas under a false name—staying with the co-defendant who was on pretrial release—and his pattern of using of false names.

4

(*See* Doc. 29.) The record is devoid of any suggestion that the Court considered any relevant evidence beyond the statutory factors envisioned in § 3142. The insinuation that the Court considered anything beyond these factors is wholly without merit.

The above factors supported the finding that he is a continuing flight risk. (*See* Doc. 29 at 5.) Additionally, the Court also considered the safety of the community, taking into account an alleged $360,000 loss to the government and the alleged unpermitted use of a minor's identity and social security number. (*Id.*) Furthermore, as the Government correctly points out, Mr. Isaacs and the co-defendant, Ms. Gilbert—who is on pretrial release—are not similarly situated. Although Ms. Gilbert's history includes a failure to appear in 2010 (*see* Doc. 14), Mr. Isaacs' history includes at least six failures to appear, along with one conviction for failure to appear. (Doc. 17). As recently as August 2019, he has failed to appear to court proceedings. And, in further contrast to the co-defendant, Mr. Isaacs had two active warrants for his arrest stemming from his failure to attend court proceedings. (*Id.*) This constellation of factors makes it clear that Mr. Isaacs was not entitled to pretrial release under § 3142(g) when he sought it the first time.

Nor is he now. Section 3142(f) clearly limits the circumstances under which the Court may reopen a detention hearing. The Court may reopen a hearing if it (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). To reopen a proceeding, however, a defendant must first establish that the information was not

5

previously known to him—a requirement that the Court interprets strictly, requiring a showing of "truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020).

The issues Mr. Isaacs now offers in support of his second motion for bond do not warrant reopening the detention hearing under § 3142(f). First, Mr. Isaacs does not claim, much less demonstrate, that his access to information on his computer and email accounts, and his purported inability to access that information while detained, was not known at the time of the first detention hearing. Second, his purported difficulties in accessing his email accounts or other documents while detained have nothing to do with whether he is a flight risk or a danger to others. That is, the access issues he describes have no material bearing on the issue of whether any conditions exist that will assure his appearance and the safety of others. For these reasons, Mr. Isaacs fails to establish a basis for reopening his detention hearing under § 3142(f). *See Bothra*, 2020 WL 2611545, at *1.

To the extent Mr. Isaacs' argument can be construed to arise under § 3142(i), he fails there as well. Although the Sixth Circuit has recently observed that there is "limited authority governing what conditions require release for defense preparation" under § 3142(i), courts considering whether pretrial release is "necessary" under § 3142(i) have considered (1) the time and opportunity the defendant had to prepare for the trial and participate in his defense; (2) the complexity of the case and volume of information; and (3) the expense and inconvenience associated with preparing while incarcerated. *Id.* at *2. Of these, Mr. Isaacs only discusses the inconvenience associated with preparing for his defense while incarcerated. It is true that since the onset of the COVID-19 pandemic,

6

jails and prisons have been stricter. But it is also true that these inconveniences are currently common to all incarcerated defendants. Furthermore, "voluminous discovery alone does not justify release because, otherwise, 'the more complicated the crime, the more likely a defendant should be released prior to trial.'" *United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at *2 (6th Cir. Nov. 5, 2019) (quoting *United States v. Petters*, No. CR. 08-364(RHK/AJB), 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009)). In any event, "the Court can take any attorney access issues into account when considering the trial date." *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020). Thus, construing Mr. Isaacs' argument to fall under § 3142(i), the Court does not find that his reasoning establishes the necessity of his release for the purpose of preparing a defense.

## CONCLUSION

For the reasons above, Mr. Isaacs's second motion for bond is **DENIED**. Accordingly, Mr. Isaacs' Motion to Reply to Government's Sur-Reply and Request for Hearing (Doc. 37) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br>
By: _____<br>
JUDGE MATTHEW W. McFARLAND