IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-37 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| BARRY RENE ISAACS, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING THIRD MOTION FOR BOND (Doc. 45)**

This case is before the Court on Defendant Barry Rene Isaacs' third motion for bond (Doc. 45). The Government is opposed. (Doc. 48.) The Court denies Mr. Isaacs' motion for the reasons below.

The Court has outlined the facts and allegations of this case in its prior orders denying bond, *United States v. Isaacs*, 469 F. Supp. 3d 801 (S.D. Ohio 2020), so it will not outline them in detail here. It is sufficient to say that, several months after a Grand Jury in Ohio charged Mr. Isaacs with nine federal charges, he was found with the co-defendant, Teela Gilbert, in Houston, Texas, living under a false name. *Id.* at 802-03.

Mr. Isaacs now argues that, since the co-defendant Ms. Gilbert—with whom he is the parent of a teenage son—has suffered health issues, it would be in their son's best interest if he were able to assist in his care and supervision. He reiterates that he does not have a history of violence. Last, he states that, since the Government is continuing its investigation, this case does not appear that it will be swiftly resolved.

The Government points out that the defendants' son lives with his grandmother, who is able to provide care when Ms. Gilbert is undergoing surgery. It also claims that Mr. Isaacs is a continuing flight risk and a threat to the community and the integrity of these proceedings.

The factors a court must consider in determining whether release or continued detention is appropriate are set forth in 18 U.S.C. § 3142(g). They include the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed if the defendant is released.

The Court has denied Mr. Isaacs's prior requests for bond because he is a continuing flight risk, given the circumstances of his discovery in Texas under a false name. And, though his alleged crime was not violent, that does not mean he does not constitute a potential danger to the community if released. Physical violence does not have a monopoly on danger. Economic harm, unpermitted use of a minor's identity, and obstruction of justice are harms too. *E.g., Isaacs*, 469 F. Supp. at 804. His third motion does not demonstrate that he is less of a flight risk or that his release poses no danger to the community.

In consideration of the § 3142(g) factors, Mr. Isaacs fails to show he is entitled to pretrial release. For these reasons, and the reasons this Court has articulated in the two prior orders denying bond, Mr. Isaacs's third motion for bond is **DENIED**.

**IT IS SO ORDERED.**

                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF OHIO

                                     By: _____
                                          JUDGE MATTHEW W. McFARLAND

3