IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-37 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| BARRY RENE ISAACS, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR RELIEF FROM PREJUDICIAL JOINDER AND/OR SEVERANCE (Doc. 46)**

This case is before the Court on Defendant Barry Rene Isaacs' motion for relief from prejudicial joinder and/or severance (Doc. 46). The Government is opposed. (Doc. 49.) The Court denies Mr. Isaacs' motion for the reasons below.

The Grand Jury charged Mr. Isaacs with five counts of employment tax violations in violation of 26 U.S.C. § 7202 (Counts One through Five), one count of obstruction of the due administration of justice in violation of 18 U.S.C. §§ 1503 and 2 (Count Six), two counts of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) (Counts Seven and Eight), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (Count Nine). (Doc. 1.) The co-defendant, Ms. Teela Gilberts, was also charged with obstruction of justice in Count Six. (*Id.*)

Mr. Isaacs states that three distinct "groups" of alleged conduct emerge from the charges: (1) the employment tax charges in Counts One through Five; (2) the "theft-type"

charges in Counts Seven through Nine; and (3) the obstruction charge he shares with Ms. Gilbert in Count Six. He states that severance of Count Six would be "an appropriate remedy" to move this trial forward in a timely fashion, given the co-defendant's health issues. As for the other two "groups" of alleged conduct, he believes that trying them all at once would confuse the jury and cause him prejudice. The jury, in his view, may have a hard time distinguishing the differing standards of proof that apply to each charge. In a related argument, he maintains that the evidence that will be used in one group of charges would be excludable "bad acts" evidence under Fed. R. Evid. 404.

Rule 8(a), Federal Rules of Criminal Procedure, permits joinder of multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006). "Similar" does not mean "identical." *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002). District courts may, consistent with due process, broadly construe the Rule to "promote the goals of trial convenience and judicial efficiency." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). For these reasons, joinder is appropriate when the joined counts share a logical relationship and a large area of overlapping proof. *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). The Rule also permits joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

If the indictment satisfies Rule 8, then Rule 14 governs in questions of severance. *United States v. Lane*, 474 U.S. 438, 447 (1986). That Rule requires an appearance of prejudice. "If the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The decision to sever falls under the Court's discretion. *United States v. Lane*, 474 U.S. 438, 439 n. 12 (1986). The Sixth Circuit has held that, when a defendant seeks severance, he has the heavy burden of showing "specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). If a defendant establishes the existence of prejudice, the court must balance the defendant's interest in a fair trial against the public's interest in avoiding the multiplicity of litigation. *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001). Severance under Rule 14 is required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). And, while an important element of a fair trial is that a jury consider only relevant competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant competent evidence. *United States v. Cook*, No. CR-3-06-0179, 2007 WL 4300109, at *1 (S.D. Ohio Dec. 6, 2007).

In its opposition memorandum, the Government argues that the nine-count indictment alleges that Mr. Isaacs committed financial crimes involving fraud or deceit at the expense of the Internal Revenue Service and others, and used the identity of other people to evade responsibility for and obstruct the investigation into his involvement

3


with those schemes. Upon review of the indictment, the Court agrees that the charges share a logical relationship under Rule 8 and are properly joined under that Rule.

The Court does not agree with Mr. Isaacs' position that the jury will be confused by the distinct charges in the indictment. The jury will be able to properly compartmentalize and distinguish the evidence used to support the separate offenses. *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007). But, to the extent the offenses need clarification, there are less severe remedies than severance. Jury instructions will relieve Mr. Isaacs' concern about the jury conflating the distinct elements the Government must prove at trial. *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007) ("Error based on misjoinder is almost always harmless where, as here, the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder.").

Nor is it necessary to sever the trial of Count Six as to Mr. Isaacs and Ms. Gilbert. Mr. Isaacs fails to show that he will suffer compelling, specific, or actual prejudice from nonseverance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). So, generally, defendants who are jointly indicted are tried together. *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008). In cases like this one—when charges against multiple defendants are proven through evidence from the same series of acts—the Sixth Circuit prefers joint trials. *United States v. Parks*, 278 F. App'x 527, 531 (6th Cir. 2008). As for Mr. Isaacs' concern about proceeding too slowly, he has requested numerous continuances and did not object to the most recent unopposed motion to continue the trial. (Doc. 47.) In this

light, his stated concern of not reaching trial in a timely fashion is unpersuasive.

Lastly, Mr. Isaacs is mistaken in his position that the evidence used to prove Counts Seven through Nine would necessarily be inadmissible under the Federal Rules of Evidence to Counts One through Five. The Government maintains that the evidence used in both sets of offenses shows that Mr. Isaacs used similar schemes in concealing his actions through either laying the blame on someone or using another person's identity. This, the Government argues, shows a common plan or scheme as well as the absence of mistake, which are proper Rule 404(b) purposes. The Government's stated use of the evidence complies with the Rules of Evidence. And, again, there are less severe remedies than severance. "Juries are presumed to be capable of following instructions, like those given in this case, regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002). Thus, there are adequate means to avoid prejudice in a joined trial through objections to improper use of evidence and limiting instructions to the jury.

For the above reasons, Mr. Isaacs' motion is **DENIED**.

**IT IS SO ORDERED.**

<div style="text-align:right">
UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF OHIO<br>
By: _____<br>
JUDGE MATTHEW W. McFARLAND
</div>